# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

EWA SEWSUNKER                                                                                                         PLAINTIFF

V.                                                                                  NO. 3:17CV00119-JMV

NANCY BERRYHILL
*Commissioner of Social Security*                                                        DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence in the record. First, the ALJ failed to consider the uncontroverted medical evidence that the claimant needed an assistive device to ambulate. Indeed, the ALJ made no mention of the walker, wheelchair, and shower chair issued by the Veterans Administration (VA) for unsteady gait, chronic low back pain, and lower extremity paresthesias (R. at Ex. 3F). And, the ALJ failed to address the finding of Dr. Timothy Callaghan, a consultative examiner, that the claimant had a "slow" gait and "had to use a cane." Further, the ALJ improperly rejected the opinion of Dr. Cynthia King that the claimant was only cable of sedentary jobs, i.e., jobs requiring no "prolonged standing/walking" or lifting "heavy" objects and impermissibly relied

upon the opinions of non-examining state agency physicians, who did not have the benefit of a complete medical record.   Finally, the ALJ, without good cause and without the support of a credible medical opinion, rejected opinions of Dr. Pamela Buck with regard to the claimant's limitations in social functioning and dealing with work stress.   Dr. Buck's opinions, contrary to the ALJ's conclusion, were consistent with the extensive longitudinal evidence found in VA medical records (much of which was not discussed by the ALJ).

On remand, the ALJ must obtain a physical, function-by-function assessment of RFC from Dr. Cynthia King and use this evidence, along with all the evidence currently in the file, to formulate a new physical RFC finding (function-by-function).   If the ALJ is unable to obtain such assessment from Dr. King within a reasonable amount of time, the ALJ must enlist the assistance of a medical advisor, who shall review the entirety of the medical file and provide an assessment of the claimant's physical RFC, function-by-function.   The ALJ will then use this evidence, along with all the evidence in the file to make a new physical RFC finding.   In any event, the ALJ's new physical RFC finding must incorporate the claimant's need for an assistive device for ambulation, as this evidence is not controverted in the record.   The ALJ must also reconsider the claimant's RFC with regard to mental limitations.   Specifically, the ALJ must obtain a mental, function-by-function assessment of RFC from Dr. Marla Ayers or other mental healthcare provider familiar with the claimant's longitudinal mental health record at the VA. The ALJ will then consider this information in conjunction with the opinions of Dr. Buck and include all of the uncontroverted opinions of Dr. Buck in a new RFC finding.   If necessary, the ALJ must also obtain the assistance of a vocational expert on the issue of whether there is any work the claimant can perform in view of all of her physical and mental limitations.   The ALJ may conduct any additional proceedings deemed necessary but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 28th day of June, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE